UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KANAN WANHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 CV 4346 |
| | ) | |
| The CITY OF EVANSTON, Illinois, a municipal corporation, Evanston Paramedics JEFFREY EATON and CURTNEY KOOPMAN, and Evanston Firefighters MARTIN RAFACZ, JAMES TRIPPI, and JAMAINE COLLINS, | ) ) ) ) ) | Judge Charles P. Kocoras<br><br>Magistrate Judge Gabriel Fuentes |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, CITY OF EVANSTON ("City"), and JEFFREY EATON, CURTNEY KOOPMAN, MARTIN RAFACZ, JAMES TRIPPI, and JAMAINE COLLINS ("Individual Defendants") (collectively "Defendants"), by and through one of their attorneys, Victoria R. Benson, Deputy City Attorney, City of Evanston Law Department, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, hereby state as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois law.

**ANSWER: Defendants admit that Plaintiff purports to bring this action for money damages pursuant to federal and state law. Defendants deny the remaining allegations**

**contained in this paragraph and deny any allegations of misconduct or other wrongdoing alleged herein**.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** **Defendants admit that jurisdiction is proper.**

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** **Defendants admit that venue is proper.**

## PARTIES

4. KANAN WANHA is a 23-year-old mechanical engineer and recent graduate of Northwestern University. At the time of the incident that gave rise to this lawsuit, WANHA was a resident of Evanston, Illinois.

**ANSWER:** **Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same.**

5. At all relevant times, Defendant PARAMEDICS and FIREFIGHTERS were Evanston paramedics and firefighters employed by Defendant CITY and acting under color of law and within the scope of their employment as Evanston paramedics and firefighters.

**ANSWER:** **Defendants admit that, at all times relevant hereto, the Individual Defendants were employed by the City and action within the course and scope of their employment, but deny the remaining allegations contained in this paragraph.**

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant PARAMEDICS and FIREFIGHTERS. Should WANHA prevail on his claims, Defendant CITY is liable to WANHA as the principal on WANHA's state law claims pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant PARAMEDICS and FIREFIGHTERS on WANHA's federal claims pursuant to 735 ILCS 10/9-102.

**ANSWER: Defendants admit that, at all times relevant hereto, the City was an Illinois municipal corporation and was the employer of the Individual Defendants, but deny the remaining allegations contained in this paragraph because these allegations constitute a legal conclusion and contain a vague, incomplete, and/or inaccurate statement of the law.**

### FACTS

7. In the early morning hours of October 28, 2018, WANHA and his girlfriend were asleep inside their apartment at 1009 Davis Street, in Evanston, Illinois.

**ANSWER: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same.**

8. WANHA's girlfriend woke up to WANHA trembling and shaking uncontrollably.

**ANSWER: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same.**

9. WANHA's girlfriend called 911 to get emergency medical treatment for him.

**ANSWER: Defendants admit that a 911 call was received requesting service to 1009 Davis Street, in Evanston, Illinois, but lack sufficient information or knowledge upon which**

**to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same.**

10. Defendant PARAMEDICS and FIREFIGHTERS arrived at WANHA's apartment.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

11. When Defendant PARAMEDICS and FIREFIGHTERS arrived, WANHA was lying on the floor.

**ANSWER: Defendants admit that when the Individual Defendants arrived, Plaintiff was on the floor, but deny the remaining allegations contained in this paragraph.**

12. Defendant PARAMEDICS and FIREFIGHTERS immediately assumed that WANHA was on drugs and began asking WANHA's girlfriend what he was on, or words to that effect.

**ANSWER: Defendants admit that Plaintiff's girlfriend was asked, among other things, if Plaintiff had recently used or taken any drugs, but deny the remaining allegations in the manner pled therein.**

13. WANHA's girlfriend told PARAMEDICS and FIREFIGHTERS that WANHA had not taken any drugs and he did not do drugs.

**ANSWER: Defendants admit that Plaintiff's girlfriend stated that Plaintiff had not used or taken any drugs to her knowledge, but deny the remaining allegations in the manner pled therein.**

14. WANHA's girlfriend told Defendant PARAMEDICS and FIREFIGHTERS that he might be suffering from some sort of mental health crisis or words to that effect.

4

**ANSWER: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same.**

15. Defendant PARAMEDICS and FIREFIGHTERS did not believe WANHA's girlfriend and repeated "he's on drugs."

**ANSWER: Defendants deny the allegations contained in this paragraph.**

16. In fact, WANHA was suffering from his first mental health episode. Since this episode, WANHA was diagnosed and effectively manages his disease with daily-prescribed medication.

**ANSWER: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same.**

17. On the night of the incident, Defendant PARAMEDICS and FIREFIGHTERS aggressively grabbed WANHA, seizing his arms and legs.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

18. Without securing him to a board or chair, DEFENDANTS carried and dragged WANHA by all fours out of his fourth floor apartment to an elevator.

**ANSWER: Defendants deny the allegations contained in this paragraph in the manner pled therein.**

19. At least once Defendant PARAMEDICS and FIREFIGHTERS dropped WANHA while carrying him to the elevator.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

20. While WANHA was in the elevator he became agitated and confused about what was happening and did not understand why he was being carried and handled by multiple strangers.

**ANSWER: Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admit nor deny same.**

21. When WANHA's girlfriend reached the first floor, she observed WANHA laying face down on the floor, with DEFENDANTS standing nearby. Half of WANHA's body was still inside the elevator and the elevator doors were partially closed on him. WANHA was not moving and appeared to be unconscious.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

22. One of Defendant PARAMEDICS or FIREFIGHTERS approached WANHA's girlfriend as WANHA lay on the ground and began yelling at her, saying something like "Are you fucking kidding me? He opened his eyes up and started laughing. He's on fucking drugs."

**ANSWER: Defendants deny the allegations contained in this paragraph.**

23. Defendant PARAMEDICS and FIREFIGHTERS then carried WANHA outside to an ambulance.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

24. At any point, Defendant PARAMEDICS and FIREFIGHTERS could have, but did not, use a stair chair or ambulance cot to safely carry WANHA from the fourth floor to the ambulance.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

25. Once inside the ambulance, DEFENDANTS restrained WANHA's hands above his head.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

26. Inside the ambulance, one of the Defendants punched WANHA in the back, hurting him.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

27. This punch was observed by WANHA's girlfriend from the front of the ambulance and it left a visible injury on WANHA's back.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

28. Defendants' misconduct multiplied and exaggerated what was already a frightening experience for WANHA, causing him to suffer additional mental and physical pain and suffering that was unnecessary.

**ANSWER: Defendants deny the allegations contained in this paragraph and deny any allegations of misconduct or other wrongdoing alleged herein**

29. WANHA suffered multiple bruises and abrasions as a result of Defendant's [sic] unreasonable treatment of him while he was in their custody and care.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

### COUNT I
(42 U.S.C. § 1983 – Excessive Force)

30. WANHA re-alleges the preceding paragraphs as if fully restated here.

**ANSWER: Defendants re-state their answers to Paragraphs 1-29 of Plaintiff's Complaint as their answer to Paragraph 30 of Count I of Plaintiff's Complaint as if fully set forth herein.**

31. As described above, the conduct of one of the Defendants was objectively unreasonable under the circumstances it subjected WANHA to excessive force in violation of the Fourth Amendment to the United States' Constitution.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

32. One or more of the other PARAMEDICs and FIREFIGHTERs were aware of their fellow employee's use of excessive force, had an opportunity to intervene to prevent it, but failed to do so.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

33. As a result of this misconduct, WANHA suffered damages, which will be proven at trial.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## COUNT II
(Illinois Battery claim)

34. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER: Defendants re-state their answers to Paragraphs 1-33 of Plaintiff's Complaint as their answer to Paragraph 34 of Count II of Plaintiff's Complaint as if fully set forth herein.**

35. As described above, one or more of the Defendant PARAMEDICS and FIREFIGHTERS willfully and wantonly and without legal justification used physical force upon WANHA.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

36. As a direct and proximate result of Defendant PARAMEDICS and FIREFIGHTERS's intentional misconduct, WANHA suffered damages, which will be proven at trial.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## COUNT III
(Illinois Willful and Wanton Claim)

37. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER: Defendants re-state their answers to Paragraphs 1-36 of Plaintiff's Complaint as their answer to Paragraph 37 of Count III of Plaintiff's Complaint as if fully set forth herein.**

38. As more fully described above, Defendants' conduct towards and failure to provide adequate medical care to WANHA was intentional, or displayed an utter indifference to, or conscious disregard for the safety of WANHA.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

39. As more fully described above, Defendants had a duty not to engage in willful and wanton conduct that resulted in harm to WANHA.

**ANSWER: Defendants deny the allegations contained in this paragraph because these allegations constitute a legal conclusion and contain a vague, incomplete, and/or inaccurate statement of the law. Defendants further state that duties arise by operation of law and not by allegation of the pleader.**

40. Defendants breached this duty of care to WANHA, and as a direct and proximate result, he suffered damages, which will be proven at trial.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

**AFFIRMATIVE DEFENSES**

1. Defendants Jeffrey Eaton, Curtney Koopman, Martin Rafacz, James Trippi, and Jamaine Collins are government officials, namely firefighters and paramedics, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable firefighter/paramedic objectively viewing the facts and circumstances that confronted Defendants Jeffrey Eaton, Curtney Koopman, Martin Rafacz, James Trippi, and Jamaine Collins could have believed their actions to be lawful, in light of clearly established law and the information that Defendants Jeffrey Eaton, Curtney Koopman, Martin Rafacz, James Trippi, and Jamaine Collins possessed. Defendants Jeffrey Eaton, Curtney Koopman, Martin Rafacz, James Trippi, and Jamaine Collins, therefore, are entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims.

2. Defendants Jeffrey Eaton, Curtney Koopman, Martin Rafacz, James Trippi, and Jamaine Collins cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. Not every action by a state official or employee is to be deemed as occurring under color of law. *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1995). Acts by a state officer are not made under color of state law unless they are related in some way to the performance of the duties of the state office. *Honaker v. Smith*, 256 F.3d 477, 484-85 (7th Cir. 2001).

4. A public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

Section 2-201 provides for immunity of emergency services personnel who are exercising their judgment and discretion even when that discretion is abused. *Crowley v. City of Berwyn*, 306 Ill. App. 3d 496, 501-502, 713 N.E.2d 1194, 1198 (1st Dist. 1999).

5. To the extent any employee or agent of the City was acting within the scope of his employment, that employee or agent cannot be held liable for any injury caused by any act or omission in providing emergency or non-emergency medical services in the normal course of conducting their duties, or in an emergency, unless such act or omission constitutes willful and wanton misconduct. 210 ILCS 50/3.150.

6. To the extent any employee or agent of the City was acting within the scope of his employment, that employee or agent is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

7. The City is not liable to Plaintiff for any state law claims for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

8. The City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

9. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

10. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-102.

11. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants, City of Evanston, Jeffrey Eaton, Curtney Koopman, Martin Rafacz, James Trippi, and Jamaine Collins, hereby demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Victoria R. Benson
Victoria R. Benson, Deputy City Attorney
One of the Attorneys for Defendants

Victoria R. Benson, Deputy City Attorney (vbenson@cityofevanston.org)
Alexandra B. Ruggie, Assistant City Attorney (aruggie@cityofevanston.org)
City of Evanston, Law Department
2100 Ridge Avenue, Suite 4400
Evanston, Illinois 60201
(847) 866-2937
law@cityofevanston.org

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**, which sends a true and correct copy to all counsel, including:

Torreya L. Hamilton
Kevin T. Turkcan
Kathleen A. Hennessy
Hamilton Law Office, LLC
53 W. Jackson Blvd., Suite 452
Chicago, Illinois 60604

on this 27th day of September, 2019.

Respectfully submitted,

/s/ Victoria R. Benson
Victoria R. Benson
Deputy City Attorney

Victoria R. Benson, Deputy City Attorney (vbenson@cityofevanston.org)
Alexandra B. Ruggie, Assistant City Attorney (aruggie@cityofevanston.org)
City of Evanston, Law Department
2100 Ridge Avenue, Suite 4400
Evanston, Illinois 60201
(847) 866-2937
law@cityofevanston.org